963 F.2d 376
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Cory RHODES, Appellant,
v.
Bonnie FITZGERALD, Clerk of Courts, Pennington County, South
Dakota, Appellee.
 No. 91-3153.
 United States Court of Appeals,
Eighth Circuit.
 Submitted: May 12, 1992.
Filed: June 2, 1992.
 
 Before McMILLIAN, WOLLMAN and LOKEN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Cory Rhodes appeals from the final judgment entered in the District Court[1] for the District of South Dakota dismissing his 42 U.S.C. § 1983 complaint for failure to exhaust state remedies. For reversal, Rhodes argues that his complaint stated a substantive due process claim for denial of access to the courts and, therefore, he was not required to exhaust state remedies before seeking relief in federal court. For the reasons discussed below, we affirm the judgment of the district court.
 
 
 2
 In his § 1983 complaint dated July 31, 1991, Rhodes alleged that on June 17, 1991, he mailed to the presiding judge of the South Dakota Circuit Court for the Seventh Judicial Circuit a petition for a state writ of habeas corpus. Rhodes alleged that on July 15, 1991, he called the Pennington County Clerk of Court (the Clerk), who told him that he "could expect to hear something [as] soon as [his] case had been sent to [the] Custer County Clerk of Courts to be disposed of." He further asserted that he had not received written correspondence to support the Clerk's claim and he did not know the disposition of his case.
 
 
 3
 On August 22, 1991, the district court granted Rhodes in forma pauperis status, filed his § 1983 complaint, and summarily dismissed it "pending exhaustion of state court remedies." Rhodes timely appealed, and this court appointed counsel for Rhodes.
 
 
 4
 We affirm the district court's dismissal on the ground that the complaint is legally frivolous under 28 U.S.C. § 1915(d). See Neitzke v. Williams, 490 U.S. 319, 325 (1989) (complaint may be dismissed as legally frivolous if it lacks an arguable basis in fact or law). The only fact Rhodes alleged in his complaint regarding the Clerk's conduct was that she informed him on July 15, 1991, that his habeas application had been forwarded to the Custer County Clerk's Office for disposition. He alleged no other facts supporting his claim that the Clerk obstructed his access to the state court or that the one-month time lapse was a "substantial" delay giving rise to a constitutional violation. See McMillan v. Chief Judge, 711 F.2d 108, 109 (8th Cir. 1983) (per curiam), cert. denied, 464 U.S. 1048 (1984). Moreover, Rhodes did not allege that the Custer County Clerk of Court impeded his access to the court. Without such additional facts, it does not appear that Rhodes' complaint had any arguable basis in fact. Thus, the complaint was legally frivolous.
 
 
 5
 Accordingly, we affirm the judgment of the district court.
 
 
 
 [1]
 The Honorable Richard H. Battey, United States District Judge for the District of South Dakota